1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10

11   RUBEN NEVAREZ,                          Case No.:  21-cv-1040-MMA-KSC
12                          Petitioner,
                                             **REPORT AND**
13   v.                                      **RECOMMENDATION FOR AN**
                                             **ORDER DENYING PETITION FOR**
14   ROD GODWIN and MATTHEW                  **WRIT OF HABEAS CORPUS [Doc.**
     RODRIGUEZ,                              **No. 1]**
15
                         Respondents.
16

17
18        Petitioner Ruben Nevarez seeks a writ of habeas corpus challenging a conviction in
19   the Superior Court for the County of San Diego for committing lewd acts on a child under
20   the age of 14, causing corporal injury to a child, and sexual penetration of a child under the
21   age of 10; including allegations of "substantial" sexual conduct and conduct committed
22   against more than one victim. *See* Doc. No. 1 at 2; Doc. No. 12-23 at 5-7.[1] Petitioner alleges
23   four separate constitutional violations based on: (1) juror bias; (2) the trial court's decision
24   to excuse a juror during the trial; (3) the admission into evidence of his out-of-court
25
26   _____
27
28   [1]     The Court uses the page numbers (printed in blue at the top of all filings) assigned
     by the CM/ECF case management system unless otherwise noted.

confession; and (4) the trial court's refusal to instruct the jury on the right to punish a child. *See* Doc. No. 1 at 6-9.

Respondent filed an Answer and an Opposition, and it lodged the appropriate state court records. Doc. Nos. 11, 12, 14. Petitioner received a deadline of May 6, 2022, to file a Traverse. Doc. No. 20. Petitioner did not file a Traverse, timely or otherwise. This Court, having reviewed the record, submits this Report and Recommendation to United States District Judge Michael M. Anello pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72(d). Based on this Court's review of the record the Court **RECOMMENDS** the District Court **DENY** the Petition as set forth in this Report and Recommendation.

## I. BACKGROUND

This Court will defer to state court findings of fact and presume them correct unless petitioner rebuts that presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Parke v. Raley*, 506 U.S. 20, 35-36 (1992); *Tilcock v. Budge*, 538 F.3d 1138, 1141 (9th Cir. 2008). Petitioner makes no effort to rebut the presumption of correctness. Accordingly, this Court will briefly recite the facts pertinent to this Petition as set forth in the reasoned opinion of the California Court of Appeal. *See generally* Doc. No. 12-21.

Petitioner Nevarez sexually abused his ex-girlfriend's two daughters and physically abused her son for a period of several years before separating from his relationship in December 2015. *See id.* at 3-5; Doc. No. 12-23 at 2-3. In 2016, the children were removed from their mother's custody after the daughters disclosed the sexual abuse to social workers. *See* Doc. No. 12-21 at 5. The San Diego District Attorney charged petitioner in 2017, and all three of the victims testified against petitioner at trial, describing the abuse in detail. *See id.* at 5-6. The jury also heard testimony from Nevarez's former girlfriend, several social workers, teachers in whom the young boy had confided about his abuse, and a clinical psychologist. *Id.* at 6-7. Petitioner testified and denied everything. *Id.* at 7. The jury convicted on all counts. *Id.*

Petitioner directly appealed his conviction to the California Court of Appeal, which affirmed the judgment on May 18, 2020. Doc. No. 12-21. That Court later denied rehearing

but made non-substantive changes to the opinion without altering the judgment. *See* Doc. Nos. 22, 23. The California Supreme Court denied review without comment on August 12, 2020. *See* Doc. No. 12-25. Petitioner timely filed in this Court on May 25, 2021. *See* Doc. No. 1 at 14.

## II. STANDARD OF REVIEW

Federal habeas relief is available to an individual "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). This Court may not issue a writ of habeas corpus based solely on alleged error of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). A court will only entertain a writ of habeas corpus on behalf of a state court prisoner if the federal claims have been adjudicated on the merits in state court. 28 U.S.C. § 2254(b)-(c). A state court adjudication may be overturned if it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* § 2254(d)(1). This "standard is intentionally difficult to meet," and it incorporates "a presumption that state courts know and follow the law," which makes federal habeas review "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (citations and internal quotation marks omitted).

Petitioner must first identify the "clearly established" federal law at issue. *Marshall v. Rodgers*, 569 U.S. 58, 61 (2013); *Robertson v. Pichon*, 849 F.3d 1173, 1182 (9th Cir. 2017). Only the direct holdings of the Supreme Court, not its dicta, are "clearly established" for purposes of the statute. *Woods*, 575 U.S. at 315; *Robertson*, 849 F.3d at 1182. The holdings of circuit courts cannot constitute "clearly established" federal law if the Supreme Court has not itself announced a clear rule. *See Lopez v. Smith*, 574 U.S. 1, 6 (2014); *Robertson*, 849 F.3d at 1182. If there is no directly controlling Supreme Court precedent, habeas relief will be unavailable to the petitioner because the law is not "clearly established." *Wright v. Van Patten*, 552 U.S. 120, 126 (2008); *Robertson*, 849 F.3d at 1182.

1    If Petitioner can identify "clearly established" law, he must also demonstrate the

2    state court made "an unreasonable application" of federal doctrine, "not merely [a] wrong"

3    application, and "even clear error will not suffice." *Woods*, 575 U.S. at 316 (citations and

4    internal quotation marks omitted). To justify habeas relief "a state prisoner must show that

5    the state court's ruling on the claim being presented in federal court was so lacking in

6    justification that there was an error well understood and comprehended in existing law

7    beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86,

8    103 (2011); *accord Robertson*, 849 F.3d at 1182.

9    Should Petitioner cross the high hurdles of both identifying a "clearly established"

10   law and showing the state court's ruling is sufficiently outré as to constitute error

11   susceptible to habeas review, Petitioner must further demonstrate any error was prejudicial

12   under the standard announced by the Supreme Court in *Brecht v. Abrahamson*, 507 U.S.

13   619, 637-38 (1993). *See Fry v. Pliler*, 551 U.S. 112, 121-22 (2007); *Merolillo v. Yates*, 663

14   F.3d 444, 454-55 (9th Cir. 2011). Under that standard, "[h]abeas relief is warranted only if

15   the error had a 'substantial and injurious effect or influence in determining the jury's

16   verdict.'" *Merolillo*, 663 F.3d at 454 (citing *Brecht*, 507 U.S. at 637-38). This Court's

17   review is limited "to the record that was before the state court that adjudicated the claim

18   on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). This Court will "look

19   through" any summary denials to the "last reasoned opinion" issuing from the state

20   judiciary. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1194 (2018) (citing *Ylst v. Nunnemaker*,

21   501 U.S. 797 (1991)). Because the California Supreme Court denied review without

22   comment, this Court will "look through" to the decision of the California Court of Appeal.

### III. NEVAREZ HAS SHOWN NO DEPRIVATION OF FEDERAL CONSTITUTIONAL RIGHTS

25   Petitioner alleges four separate violations of his federal constitutional rights. *See*

26   Doc. No. 1 at 6-9. This Court will address each argument, all of which lack merit, in turn.

27   ////

28   ////

4

### (A) The Trial Court Did Not Improperly Refuse to Dismiss Juror 11

Petitioner alleges Juror 11 wore a "Voices for Children" shirt during his trial. Doc. No. 1 at 6. Voices for Children is a non-profit organization that operates the Court Appointed Special Advocates ("CASA") program in the San Diego Superior Court. *Id.* "CASAs are specially trained volunteers who advocate for children who have come into the foster case system due to abuse or neglect." *Id.* The three victims in this case had all been placed into foster care because of abuse and neglect. *Id.* Accordingly, petitioner alleges Juror 11's choice of a Voices for Children shirt is indicative of bias because petitioner was on trial for sexually and physically abusing children. *Id.* Respondent argues there is no "clearly established" Supreme Court law to supply a remedy here, and in any event the trial court appropriately concluded there was no bias. *See* Doc. No. 14 at 4-5.

The Supreme Court has held there can be a due process violation where a juror lies in response to a material question during voir dire, but only if an honest answer would have supplied cause to challenge the juror. *See Fields v. Brown*, 503 F.3d 755, 766-67 (9th Cir. 2007) (citing *McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 555 (1984)); *see also Smith v. Phillips*, 455 U.S. 209, 217 (1982) ("Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen."). The Court of Appeal held there was no error here because Juror 11 disclosed his affiliation with Voices for Children and the CASA program during voir dire, and the trial court subjected Juror 11 to further questioning during trial that established an absence of bias. *See* Doc. No. 12-21 at 10-11. The record corroborates the Court of Appeal's recitation of the facts. *See* Doc. No. 12-11 at 10-11, 25-27. The facts of this case fall outside the scope of *McDonough* because Juror 11 did not lie about a source of potential bias, in fact he was perfectly candid with the Court and counsel. In any event, petitioner has not shown Juror 11's affiliation with the CASA program would have been grounds for a challenge. The Court of Appeal's application of the relevant constitutional principles was reasonable, and this Court discerns no error.

5

### (B) The Trial Court Properly Dismissed Juror 10

Petitioner alleges the trial court erroneously excused Juror 10 because Juror 10 had a plumbing emergency at home. Doc. No. 1 at 7. Petitioner alleges this removal was "without good cause" and in violation of his constitutional rights. *Id.* Petitioner suggested to the Court of Appeal that a criminal defendant has a constitutional "right to have his trial completed by the originally chosen jury." *See* Doc. No. 12-18 at 45 (citing *Crist v. Bretz*, 437 U.S. 28, 35-36 (1978)). But *Crist* is a double jeopardy case in which the Supreme Court linked the federal rule that jeopardy attaches when the jury is empaneled and sworn to a historically "strong tradition that once banded together a jury should not be discharged until it had completed its solemn task of announcing a verdict." *See* 437 U.S. at 35-36. That case in no way stands for a principle that a defendant has a constitutional right to have one of the first twelve jurors, rather than an alternate juror, deliberate and render a verdict. Without a federal right at issue, this Court has no power to question the Court of Appeal's resolution of whether good cause existed to excuse Juror 10 under California Penal Code section 1089. *See* 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Ground 2 is accordingly not sufficient to warrant habeas relief.

### (C) There Was No Constitutional Violation When a Witness Mentioned Petitioner's Out-of-Court Confession During Her Testimony

Petitioner alleges his constitutional rights were violated because his former girlfriend (the mother of the children whom petitioner raped and abused) testified that petitioner had previously confessed the sexual assaults to her. Doc. No. 1 at 8. The trial court had excluded this information on petitioner's motion in limine. *See id.* Respondent argues there was no error because the testimony was never admitted into evidence after the trial court struck the testimony and admonished the jury. Doc. No. 14 at 7. Respondent also suggests the question of prejudice to petitioner was solely a matter of state law that was resolved appropriately by the Court of Appeal. *See id.*

As petitioner noted in his briefing to the Court of Appeal, the erroneous admission of a coerced confession in violation of the Fifth and Fourteenth Amendments can prejudice

a criminal defendant. *See* Doc. No. 12-18 at 59 (citing *Arizona v. Fulminante*, 499 U.S. 279, 296 (1991)). Petitioner also noted the Confrontation Clause prevents the admission of an accomplice's confession against the criminal accused. *See id.* at 58 (citing *Bruton v. United States*, 391 U.S. 123, 135 (1968)). This case presents neither scenario. The Court of Appeal summarized the facts as follows:

> [Petitioner's former girlfriend] testified for the prosecution as their first witness. The day before trial was set to begin, the prosecutor received new information [the ex-girlfriend] volunteered to investigators picking her up on a warrant. She told them she was in contact with another person who was molested by [petitioner] as a child, showed them a purportedly incriminating Facebook message [petitioner] sent her, and recounted a conversation they had before she left Warner Springs [where the charged crimes occurred] where [petitioner] "admitted to her that he had sexually abused the children." The prosecutor turned the statement over to defense counsel the same day she received it. The morning the trial began, the parties discussed this new development with the court. The defense moved to exclude the Facebook message, any mention of an additional victim, and [petitioner's] admission to [his ex-girlfriend] that he sexually abused the girls. The prosecutor did not oppose the motion; she did not intend to elicit any of the new evidence from [the ex-girlfriend], who had already been advised not to bring it up in her testimony. The court granted the motion.

Doc. No. 12-21 at 7-8 (footnote omitted). The Court of Appeal further noted the trial court's decision to exclude the evidence was based more on the prosecutor's non-opposition to the motion in limine than on the merits of petitioner's motion. *Id.* at 8 n.4. Later, during direct examination of petitioner's ex-girlfriend, the witness volunteered petitioner's confession when asked how she knew about sexual abuse involving her daughters. *See id.* at 8. At sidebar, the prosecutor explained the witness had been expected to testify that her daughter, not petitioner, had told her about the abuse. *See id.* The trial court struck the testimony and admonished the jury to ignore it. *Id.* Afterwards, the witness, as expected, testified her

daughter had told her about the abuse. *Id.*[2] There are no indications the confession was coerced or otherwise not freely given, or that it was the product of inadmissible testimonial hearsay in violation of the Confrontation Clause, thus there would not be a constitutional injury even if the confession had been admitted into the record at trial. The trial court's decision to strike the testimony and admonish the jury further ameliorates any prejudice to petitioner. Thus, because no constitutional right was even arguably violated here, there was no error and petitioner's third ground does not warrant habeas relief.

### (D) There Was No Error in the Lack of an Instruction on the Parental Right to Punish a Child

Petitioner contends the trial court violated his constitutional rights because it did not instruct the jury on his right to discipline children, which petitioner contends is an element of a Penal Code section 273(d)(a) violation. Doc. No. 1 at 9. Respondent suggests there can be no prejudice because the disciplinary instruction would have been "inconsistent with [petitioner's] own testimony." As a matter of California law, what petitioner calls the "parental right to punish a child," is only an aspect of a section 273(d)(a) violation when the facts at trial put the reasonableness of discipline at issue or when a defendant makes reasonable discipline his "theory of the case." *See* CALCRIM 822, 3405; *People v. Whitehurst*, 9 Cal. App. 4th 1045, 1049-50 (1992). Constitutional due process indeed requires an instruction on the defense theory of the case. *See United States v. Seymour*, 576 F.2d 1345, 1348 (9th Cir. 1978).

The Court of Appeal rejected this claim of error on the basis that "[c]learly, [petitioner] did not rely on the theory of parental discipline" to defend against the charges because his theory at trial was that he never laid a hand on the children. *See* Doc. No. 12-21 at 15-16. Petitioner's trial testimony corroborates the Court of Appeal's interpretation of the facts at trial. *See* Doc. No. 12-12 at 44-47. Thus, because petitioner's defense at trial

---

[2]      Based on this Court's independent evaluation of the record, the record corroborates the Court of Appeal's recitation of the facts. *See* Doc. No. 12-7 at 5-11, 115-119.

was "it never happened," not "it happened, but it was only reasonable discipline," the trial court was under no duty, constitutional or otherwise, to instruct the jury on parental discipline, and this Court finds no error in the state court proceedings.

## IV. CONCLUSION, RECOMMENDATION, AND ORDER

Each of the four grounds for relief alleged by petitioner lacks merit because none raise a colorable claim that petitioner's constitutional rights were violated. This Court accordingly **RECOMMENDS** the District Court **DENY** the Petition in its entirety. The Court **ORDERS** any objections to this Report and Recommendation be filed by **June 20, 2023**, and any responses to such objections be filed within **fourteen (14) days of the filing of any objections**.

Dated: May 19, 2023

Hon. Karen S. Crawford
United States Magistrate Judge

21-cv-1040